UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FERNANDO IBERRA MALDONADO, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 4:07CV853 CDP |
| DOUG HARTMANN, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This declaratory judgment case presents an unusual insurance coverage question. Before me now, however, are two procedural issues that must be resolved before I can reach the merits. The first procedural issue is whether removal jurisdiction is proper even though two Missouri citizens are named as defendants. I conclude that the two Missouri defendants were fraudulently joined, and so removal was proper. The second issue is whether plaintiff can maintain this suit even though he has been enjoined by an Illinois court from pursuing a declaratory judgment in any other forum against the insolvent insurance company. I will require plaintiff to show cause why I should not dismiss the case as to that defendant.

I.   **Background**

According to the allegations of the state court petition, defendants Doug Hartmann and Doug Hartmann Productions, LLC (collectively "Hartmann"), worked to promote boxing events. Plaintiff Fernando Maldonado entered into a contract with Hartmann to box in a match. Hartmann obtained an insurance policy from defendants Legion Indemnity Company and Lexington Insurance Company to cover the boxing event. The policies excluded liability for injuries that occurred during the athletic event.

After the boxing match, Maldonado collapsed in his dressing room, went into convulsions, and "began suffering a hypoxic brain injury." He alleges that his injuries were caused by Hartmann's failure to monitor his medical condition, to have an ambulance on the premises, and to provide adequate medical treatment. Maldonado initially sued Hartmann and several others in state court. Hartmann notified the insurance companies, but they declined coverage and refused to defend the case. Hartmann and Maldonado settled the original suit by entering into "a consent judgment in the amount of $5 million executable only against insurance proceeds."

Maldonado then filed this declaratory judgment suit in state court, naming as defendants Doug Hartmann, Doug Hartmann Productions, LLC, Lexington

Insurance Company, and Legion Indemnity Company. He seeks a declaration that there is coverage, that no exclusions apply, and that judgment be entered against all defendants in the amount of $5 million, "limited to the insurance policies." Lexington removed the case to federal court, asserting diversity jurisdiction. Maldonado seeks remand, arguing that the presence of the Missouri defendants defeats removal. Complete diversity exists: plaintiff Maldonado is a citizen of the country of Mexico; both Hartmann and Hartmann defendants are Missouri citizens; Lexington is a Delaware corporation with its principal place of business in Massachusetts; and Legion is an Illinois corporation with its principal place of business in Illinois. The issue presented here is whether removal is proper when there are Missouri defendants.

The removal papers filed by Lexington contained a notice from counsel for the Illinois Department of Insurance consenting to the removal on behalf of defendant Legion Indemnity Company. That letter also said, however, that Legion has been found insolvent and is in the process of being liquidated, and that by order of the Circuit Court of Cook County, Illinois, Maldonado has been enjoined from pursuing a suit against Legion in any forum other than the Illinois insolvency proceeding.

## II. Discussion

A defendant may remove an action from state court to federal district court if the action is within the district court's original jurisdiction, unless an act of Congress expressly provides otherwise. 28 U.S.C. § 1441(a). Defendants, as the parties seeking removal and opposing remand, have the burden of establishing federal subject-matter jurisdiction. In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).

Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the suit is between citizens of different states and a citizen of a foreign country. As noted above, it is undisputed that complete diversity exists, even if the Hartmann defendants were validly joined, because plaintiff is a citizen of Mexico, and defendants are citizens of Missouri, Delaware, Massachusetts, and Illinois. Diversity jurisdiction would have existed in this Court had plaintiff chosen to file it here.

Removal jurisdiction, however, is more limited. Under 28 U.S.C. § 1441(b), a diversity case can be removed "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The forum-defendant rule is jurisdictional in this Circuit. See

Horton v.Conklin, 431 F.3d 602, 605 (8th Cir. 2006).

Lexington argues that the Hartmann defendants were fraudulently joined to defeat federal jurisdiction, and that I should therefore disregard their citizenship. "Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 871 (8th Cir. 2002) (citation omitted). Under the doctrine of "fraudulent joinder," a court may disregard the citizenship of a nondiverse defendant who was frivolously joined in an effort to defeat removal. Commercial Sav. Bank v. Commercial Fed. Bank, 939 F.Supp. 674, 680 (N.D. Iowa 1996). The fraudulent joinder cases cited by the parties, and all those I have found, have dealt with fraudulent joinder to defeat diversity jurisdiction, not fraudulent joinder to trigger the forum-defendant bar to removal. I can think of no reason why the same analysis should not apply here, however, and the removal statute specifically refers to local defendants "properly joined and served."

Maldonado and the Hartmann defendants entered into a consent decree in the amount of the policy limits; that consent judgment can be executed only against the insurance proceeds. Maldonado's petition alleges no cause of action againt Doug Hartmann or Doug Hartmann Productions, LLC. Even if all the claims of Maldonado's petition were found in his favor, there would be no

-5-

resulting liability against the Hartmanns in this case. The disputes between those parties was fully settled by the consent judgment.

Maldonado argues that Hartmann is properly joined under Mo. Rev. Stat. § 527.110 which requires that a declaratory judgment suit include "all persons ... who have or claim any interest which would be affected by the declaration." According to the Missouri courts, an "interest" under this statute is "not one which is merely consequential, remote or a conjectural possibility of being somehow affected by the result of an action." Moschenross v. St. Louis County, 188 S.W.3d 13, 25 (Mo. Ct. App. 2006) (citation omitted). "The interest at issue must be a direct claim upon the subject of the action such that the joined party will either gain or lose by direct operation of the judgment rendered." Id. The Hartmann defendants have no interest or claim in the outcome of this suit; their liability will not change at all depending on the outcome here.

Because there is no factual or legal basis for a claim by plaintiff Maldonado against Doug Hartmann and Doug Hartmann Productions, LLC, these defendants were fraudulently joined. I will dismiss the claims against them under Rule 21, Fed. R. Civ. P., for misjoinder. The fraudulent joinder of these defendants does not trigger the forum-defendant rule, and does not prevent removal. I also note that it appears these defendants were not served in the state proceedings before the

case was removed. That is an additional reason why their presence does not trigger the forum-defendant rule, because it only refers to local defendants who have been properly served at the time of removal. See 28 U.S.C. § 1441(b). I will deny the motion to remand, as this Court may properly exercise subject-matter jurisdiction over this case.

Finally, I will require plaintiff to respond to the statement contained in the notice of removal that he has been enjoined from bringing suit against Legion Indemnity Company except in the liquidation proceedings. Plaintiff's state-court petition did not attach the insurance policy or policies, and I cannot tell from the allegations whether the suit against Lexington can go forward even if the suit against Legion must be dismissed. I wish to resolve these questions before setting the case for a scheduling conference.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [#8] is DENIED.

**IT IS FURTHER ORDERED** that defendants Doug Hartmann and Doug Hartmann Productions, LLC are dismissed as parties to this suit, as they were fraudulently joined.

**IT IS FINALLY ORDERED** that plaintiff shall explain, in writing, within

fourteen (14) days of the date of this order, why he believes he can proceed in this action against defendant Legion Indemnity Company in light of the injunction issued by the Illinois court handling the liquidation of that defendant. Plaintiff should also explain whether the case can go forward against Lexington even if it cannot proceed against Legion. If defendant wishes to respond, it should do so within five (5) days of receiving plaintiff's response to this Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 28th day of June, 2007.